## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE

**STEVE A. MOUSER,**

        Plaintiff,                                  **Case No.** 3:12-cv-361

vs.

**CAVALRY PORTFOLIO SERVICES, LLC,**

    **AND**

**VISION FINANCIAL CORPORATION,**

        Defendants.

---

## COMPLAINT FOR DAMAGES

---

### INTRODUCTION

1.      This is an action for damages against the Defendants for their violations of the Fair Debt Collection Practices Act., 15 U.S.C. §§ 1692 <u>et seq.</u> in their illegal efforts to collect a consumer debt from Plaintiff.

### JURISDICTION AND VENUE

2.      Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 (federal question jurisdiction).

3.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

[1]

## PARTIES

4.      Plaintiff, Steve A. Mouser (hereinafter referred to as "Plaintiff" and/or "Mr.

Mouser") is a resident of this State, District and Division who is authorized by law to bring this

action.

5.      Defendant Cavalry Portfolio Services, LLC (hereinafter "Defendant Cavalry" and/or

"CAVALRY") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit

limited liability company organized in Delaware that maintains CT Corporation System, 800 S. Gay

St., Suite 2021, Knoxville, TN 37929-9710 as its registered agent for service of process.

6.      Defendant Vision Financial Corporation (hereinafter "Defendant Vision" and/or

"VISION") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit

company organized in New York that maintains Corporation Service Company, 2908 Poston

Avenue, Nashville, TN  37203-1312 as its registered agent for service of process.

7.      Other defendants may be discovered in the course of litigation, and Plaintiff

respectfully prays that the Court will permit the addition of later discovered parties upon motion.


## FACTUAL ALLEGATIONS

8.      CAVALRY uses mail in its business.

9.      The primary purpose of CAVALRY's business is the collection of debts.

10.      CAVALRY is engaged in the business of purchasing charged-off consumer debts

and attempting to collect them from consumers.  CAVALRY regularly collects or attempts to

collect debts owed, or due, or asserted to be owed or due to another.

11.      CAVALRY is a debt collector subject to the provisions of the Fair Debt

[ 2 ]

Collection Practices Act.

12.     CAVALRY alleges to have purchased a debt which Mr. Mouser incurred as an obligation to pay money.

13.     The alleged obligation of Mr. Mouser arose out of a transaction within which the money, property, insurance or services that were the subject of the transaction were primarily for personal, family, or household purposes, and the obligation is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

14.     In the course of attempting to collect a debt allegedly due from Mr. Mouser to a business not a party to this litigation, HSBC Bank Nevada, CAVALRY communicated with Plaintiff in a fashion that violated the Fair Debt Collection Practices Act.

15.     On April 7, 2011, CAVALRY sent Mr. Mouser a letter collecting on an account ending in 8731 with the assigned account number of 14497538 claiming the outstanding balance owed of $2,330.94 (see attached Exhibit A).

16.     On June 13, 2011, CAVALRY sent Mr. Mouser a letter collecting on an account ending in 8731 with the assigned account number of 14497538 claiming the outstanding balance owed of $2,372.62 (see attached Exhibit B).

17.     On August 17, 2011, VISION sent Mr. Mouser a letter collecting on an Cavalry Portfolio Services account ending in 7538 with the assigned Pin number of CPS1392148 claiming the outstanding balance owed of $2,407.45 (see attached Exhibit C).

18.     On November 8, 2011, CAVALRY's attorneys, Garner & Conner, PLLC sent Mr. Mouser a letter collecting on the same account, but claiming a balance owed of $2,464.69 (see attached Exhibit D).

[ 3 ]

19.     On November 30, 2011 Mr. Mouser sent CAVALRY'S attorneys, Garner & Conner, PLLC a dispute letter requesting verification of the account. (see attached Exhibit E).

20.     On March 6, 2012, CAVALRY'S attorneys, Garner & Conner, PLLC sent Mr. Mouser a letter collecting on the same account.  This letter asserted: "Enclosed are the requested documents." (see attached Exhibit F).

21.     The March 6, 2012 packet from Garner and Conner, PLLC included a Household Bank account statement for the months of May, October, and November, 2010 and a partial statement for the month of June, 2010. (see attached Exhibit F).

22.     The March 6, 2012 packet from Garner and Conner, PLLC also included a document titled "Bill of Sale" that asserted "certain purchased receivables listed on the Sale File attached as Exhibit A" were sold to "Cavalry SPV I, LLC ("Purchaser")".  It asserts that it was executed on January 25, 2011, but says that it was governed by the terms and conditions of the Purchase and Sale Agreement dated July 9, 2010. (see attached Exhibit F).

23.     The March 6, 2012 packet from Garner and Conner, PLLC also included an unsigned card member agreement dated February 1, 2006, an "ADDITIONAL DISCLOSURE STATEMENT" asserting the applicable Default Annual Percentage Rate as 27.74% or 24.99% at a minimum. (see attached Exhibit F).

24.     The March 6, 2012 packet from Garner and Conner, PLLC further included a summary sheet stating the account has a contract date of January 24, 2006, had a last pay date of June 8, 2010, and had an "INITIAL_BALANCE" of $2,270.60. (see attached Exhibit F).

25.     CAVALRY has never provided a copy of the original contract signed by Mr. Mouser to determine the applicable rate of interest.

[ 4 ]

26.     CAVALRY's letters never assert that interest and/or fees are accruing or at what rate interest/fees are accruing other than the March 6, 2012 packet from its attorneys, Garner & Conner, PLLC, which asserts the applicable interest rate on a defaulted account is at least 24.99%.

27.     Mr. Mouser is confused as to what amount CAVALRY was actually pursuing since the amounts asserted vary from the April 7, 2011 letter that was seeking $2,330.94, to the June 13, 2011 letter that was seeking $2,372.62, to the November 8, 2011 letter that was seeking the amount of $2,464.69, and then the March 6, 2012 letter asserting an original balance of $2,270.60.

28.     Mr. Mouser is confused as to who he owes this account to since he has received letters and/or documents stating that the account is owned by CAVALRY, VISION, and Cavalry SPV, I, LLC since CAVALRY started collecting on it in April, 2011.

29.     In these communications with Mr. Mouser, CAVALRY violated the Fair Debt Collection Practices Act.

30.     Mr. Mouser has complied with all conditions precedent to bring this action.

## CAUSES OF ACTION

## FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: THE USE OF FALSE, DECEPTIVE OR MISLEADING REPRESENTATIONS AS TO THE AMOUNT OF THE ALLEGED DEBT

31.     The acts of Defendants constitute violations of the Fair Debt Collection Practices

[ 5 ]

Act.  Defendants' violations of the FDCPA include, but are not limited to, the following:

32.     The use of false, deceptive, or misleading representations in connection with the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. §1692e(2).

33.     Each and every letter from CAVALRY and VISION demanded different amounts from Mr. Mouser.  A calculation of the time between the letters and the amounts sought shows that each and every letter has accrued a differing amount of interest and none of them applied the contractual rate of interest.

34.     CAVALRY and/or VISION sent Mr. Mouser:  a collection letter on April 7, 2011 demanding $2,330.94; a collection letter on June 13, 2011 demanding $2,372.62; a collection letter on August 17, 2011 demanding $2,407.45; a collection letter on November 8, 2011 demanding $2,464.69; and acknowledgement of the contractual rate of interest for a defaulted account as at least 24.99% on March 6, 2011.

35.     By assigning different account balances and interest rates to the same account, none of which are the applicable contract rate of interest, Defendants have confused Mr. Mouser as to what amount of money he owes on this account.

36.     As a result of Defendants' actions, Plaintiff is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.


**SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:**

**THE USE OF FALSE, DECEPTIVE OR MISLEADING REPRESENTATIONS**


37.     The acts of Defendants constitute violations of the Fair Debt Collection Practices

[ 6 ]

Act. Defendants' violations of the FDCPA include, but are not limited to, the following:

38. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

39. CAVALRY sent Mr. Mouser a collection letter on April 7, 2011 and June 13, 2011 demanding payment on his HSBC Bank Nevada, N.A. account asserting a reference number of 14497538. Then, on August 17, 2011, VISION sent Mr. Mouser a letter collecting on an account ending in 7538 with the assigned Pin number of CPS1392148. Then CAVALRY again sent Mr. Mouser additional collection letters through its attorneys, Garner & Conner, PLLC. Most of these letters assert the debt is owed to CAVALRY, but then the March 6, 2012 packet from Garner & Conner, PLLC includes a "BILL OF SALE" that asserts the debt was sold to a totally different entity, Cavalry SPV I, LLC.

40. By assigning different account numbers to the same account, Defendants have confused the least sophisticated consumer as to what account she owes money on.

41. Simultaneous collection attempts by multiple entities claiming differentiating balances as well as different parties as to whom the liability is owed creates confusion to the least sophisticated debtor. Here, the concurrent dunning correspondence from Cavalry, then to Vision, then again back to Cavalry claiming the account is owed to another entity, Cavalry SPV I, LLC has misled and confused Mr. Mouser as to who, and how much, he actually owes.

42. As a result of Defendants' actions, Plaintiff is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

[ 7 ]

## THIRD VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:

## THE USE OF UNFAIR PRACTICES

43.     The acts of Defendants constitute violations of the Fair Debt Collection Practices Act.  Defendants' violations of the FDCPA include, but are not limited to, the following:

44.     The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §1692f(1).

45.     CAVALRY and/or VISION sent Mr. Mouser:  a collection letter on April 7, 2011 demanding $2,330.94; a collection letter on June 13, 2011 demanding $2,372.62 which demonstrates the account was accruing interest at a rate of 61.58 cents per day; a collection letter on August 17, 2011 demanding $2,407.45 which demonstrates the account was accruing interest at a rate of over $1.00 per day; a collection letter on November 8, 2011 demanding $2,464.69 which demonstrates the account was accruing interest at a rate of 68.96 cents per day; and acknowledgement of the contractual rate of interest for a defaulted account as at least 24.99% on March 6, 2011.

46.     By asserting a balance that varied substantially in each of the collection attempts, specifically assessing an inconsistent rate of interest, fees or charges on each collection letter and then providing documentation that shows the applicable rate of interest on the account should have been no less than 24.99% at all relevant times, CAVALRY and VISION have demanded amounts that are not expressly authorized by the agreement creating the debt or permitted by law.

[ 8 ]

47.     As a result of Defendants' actions, Plaintiff is entitled to an award of actual

damages, statutory damages, as well as an award of costs and attorney fees.


## TRIAL BY JURY

48.     Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const.

amend. 7.  Fed.R.Civ.P. 38.


## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE

ENTERED AGAINST DEFENDANTS AND IN FAVOR OF PLAINTIFF AS FOLLOWS:

a)      That Plaintiff be awarded actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in

an amount to be determined at a trial by a jury;

b)      That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

c)      That Plaintiff be awarded the costs of litigation including a reasonable attorney fee

pursuant to 15 U.S.C. §1692k(a)(3);

d)      That the Court declare all defenses raised by Defendant to be insufficient; and

e)      That the Court grant such further and additional relief as is just in the

circumstances.

Respectfully submitted this the 16th day of July, 2012.

*/s/ Justin A. Brackett*
Justin A. Brackett, BPR #024326
Attorney for Plaintiff
1104 Merchants Drive, Suite 101
Knoxville, TN 37912

[ 9 ]

(865) 688-0868
consumerbk@comcast.net

[10]